UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAVIER G. HERNANDEZ, | ) | CASE NO.  4:12 CV 1052 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| F.C.I.  ELKTON FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* petitioner Javier G. Hernandez's above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez, who is incarcerated at the Federal Correctional Center in Elkton, Ohio (F.C.I.  Elkton), alleges he is entitled to consideration for 12 months placement in a Residential Re-entry Center (RRC).  He requests an Order directing the Bureau of Prisons (BOP) to immediately evaluate his placement in a RRC in accordance with the factors set forth in 18 U.S.C. § 3621(b). For the following reasons, the Petition is denied.

*Background*

The Petition is a general overview of the historical facts and circumstances leading to the enactment of the Second Chance Act of 2007 (hereinafter "the Act"), Pub. L. 110-199, 122 Stat. 657. A significant percentage of the Petition is devoted to Hernandez's opinion that Congress passed the

Act with the intention of providing all prisoners 12 months placement in a community corrections setting, unless the BOP can justify otherwise.  He does acknowledge that any prisoner's placement in a RRC or community correction center (C.C.C.) must be warranted by an evaluation under the factors set forth in 18 U.S.C. §3621(b).

Hernandez asks the Court to waive the exhaustion requirement, arguing it would be futile for him to attempt pursue his administrative remedies.  He explains the BOP does not begin its prisoner eligibility evaluation for RRC placement until 17 - 19 months in advance of a prisoner's release date.[1]  Allowing time for review and appeal, Hernandez asserts that 12 months before his release date the BOP would still be evaluating his request.  Because he requests placement in a RRC 12 months before his scheduled release date, Hernandez claims the Petition would be mooted if he awaited administrative review. He is currently scheduled for release on July 7, 2013.

*Initial Review*

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249 (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)). Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

*Exhaustion*

In federal habeas corpus proceedings, exhaustion is not a strict statutory or otherwise jurisdictional requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th  Cir.1990), *overruled on other*

---

[1]Hernandez does suggest he made an earlier attempt to exhaust his administrative remedies, but his request was allegedly denied as premature on May 17, 2008.  (Pet. at 17).

grounds, *Reno v. Koray*, 515 U.S. 50, 54-55 (1995).  A prisoner's failure to exhaust available administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks.  *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006).

Here, the circumstances justify a waiver of the exhaustion requirement.  The Court finds it would be more efficient to excuse exhaustion and decide this claim on the merits.  *See Rison*, 895 F.2d at 535 ("[w]here exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court"); *see also Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999), *cert. denied*, 528 U.S. 846 (1999)("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated").

*No Right to Habeas Relief*

When a prisoner demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States," habeas relief is available.  28 U.S.C. § 2241(c)(3); *see Rose v. Hodges*, 423 U.S. 19, 21(1975).  This relief extends to claims seeking to challenge the execution or manner in which a prisoner's sentence is served.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th  Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).  Here, habeas relief is not warranted, however, because petitioner has failed to allege the BOP is improperly executing his sentence.

The Second Chance Act mandates that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (*not to exceed 12*

3

*months)*, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C § 3624(c)(1)(emphasis added). Effective October 22, 2008, regulations were issued to outline the BOP procedures for designating inmates to pre-release community confinement or home detention. *See* 28 C.F.R. § 570.20-22. The regulations dictate that the manner in which inmates are considered for pre-release community confinement "will be . . . consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22.

Hernandez's entire petition relies on a statement that the BOP Director, Harley Lappin, allegedly made on July 15, 2008 at a Sentencing Commission Symposium. He claims the Lappin essentially disagreed that prisoners should be entitled to more than six months placement in a community release environment. As such, Hernandez now claims the BOP has an unwritten policy that prohibits 12 months placement in a RRC. He asks the Court to direct the BOP to evaluate him under the factors outlined in 18 U.S.C. § 3621(b) and place him in a RRC 12 months before his final release date.

Simply because the BOP has discretion to transfer or assign an inmate to a RRC does not mean that it is required to do so, provided the Bureau has considered the appropriate factors. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 249 (3d Cir.2005). Thus, the only remedy to which Hernandez is entitled would be an assurance that the BOP properly exercised its discretion by evaluating him under the criteria required by the Act, which it has not failed to do. *See id.*, at 251. Thus, there is no reasonable suggestion that the BOP has failed to properly exercise its discretion, or that it has improperly executed his sentence. Therefore, Hernandez is not entitled to habeas relief.

*Conclusion*

Based on the foregoing, the Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and the Petition is denied.  *See* 28 U.S.C. § 2243. The Court certifies that an appeal from this decision could not be taken in good faith.[2]

  IT IS SO ORDERED.


Date: March 7, 2013                          */s/ John R. Adams*                                 
                                             JOHN R. ADAMS
                                             UNITED STATES DISTRICT JUDGE

---

[2]28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.